IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LEON E. WOOD,                                                           PLAINTIFF

v.                                                      CIVIL ACTION NO. 1:06CV203-D-A

COMMISSIONER OF SOCIAL SECURITY
MICHAEL J. ASTRUE,                                       DEFENDANT

**REPORT AND RECOMMENDATION**

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Leon E. Wood for a disability benefits under Title II and supplemental security income under Title XVI of the Social Security Act.

**I. FACTUAL AND PROCEDURAL HISTORY**

The plaintiff was born on July 29, 1950 and was fifty-five years old at the time of the administrative hearing in this case on September 27, 2005. He completed high school in 1969. The plaintiff's past relevant work has been as truck driver, clean up worker, farm laborer, forklift operator, small engine mechanic and lawn mower assembler. He filed his application for disability benefits on July 14, 2004. He alleges a disability onset date of March 30, 2002 due to back problems, memory loss, fainting spells, a spot on his skull, and two crushed vertebrae as well as a pinched nerve in his neck. The Social Security Administration denied plaintiff's application initially and on reconsideration. Following a hearing on September 27, 2005, the Administrative Law Judge ("ALJ") entered a decision dated February 2, 2006, finding that the

plaintiff was not disabled. The plaintiff filed a request for review of that decision with the Appeals Council. On May 19, 2006 the Appeals Council denied plaintiff's request for review, and the plaintiff filed the present action with this court. The ALJ's hearing decision is now ripe for review.

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining his burden at each of the first four levels then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[3] Second, the plaintiff must prove his impairment is "severe" in that it "significantly limits his physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude the plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.02 (1998).[5] Fourth, the plaintiff bears the burden of proving he is incapable of meeting the physical and mental demands of his past relevant work.[6] If the plaintiff is successful at all four of the preceding steps the

---

[1]*See* 20 C.F.R. §§ 404.1520, 416.920 (1998).

[2]*Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

[3]20 C.F.R. §§ 404.1520(b), 416.920(b) (1998).

[4]20 C.F.R. §§ 404.1520(c), 416.920(c) (1998).

[5]20 C.F.R. §§ 404.1520(d), 416.920(d) (1998). If a claimant's impairment meets certain criteria, that claimant's impairments are of such severity that they would prevent any person from performing substantial gainful activity. 20 C.F.R. §§ 404.1525 (1998).

[6]20 C.F.R. §§ 404.1520(e), 416.920(e) (1998).

burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

In her decision, the ALJ determined that the plaintiff suffered from neck and back problems and eosinophillic granuloma of the skull, both of which constitute "severe" impairments under the terms of the Act. (Tr. 18, Finding No. 3). However, the ALJ found that the plaintiff did not suffer from any impairment or combination of impairments which meet or equal the requirements of the Listings set forth in Appendix 1, Subpart P, Regulation No. 4 of the Regulations. (Tr. 18, Finding No. 4). The Appeals Council found no basis for changing the ALJ's decision.

On appeal to this court the plaintiff makes the following argument:

Error was committed in failing to consider the totality and the severity of the plaintiff [sic] several impairments. The Administrative Law Judge's decision is contradicted by substantial medical evidence provided in the record. . . .

Plaintiff's Brief, p. 4. The court will address the plaintiff's arguments seriatim.

## II. STANDARD OF REVIEW

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021

---

[7] 20 C.F.R §§ 404.1520(f)(1), 416.920(f)(1) (1998).

[8] *Muse*, 925 F.2d at 789.

(5th Cir. 1990). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The Fifth Circuit has further stated that substantial evidence:

> must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'

*Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not re-weigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell*, 862 F.2d at 475. If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994).

### III. DISCUSSION

The totality of plaintiff's argument may be summed up in his contention that the ALJ's decision is not supported by substantial evidence and that there exists evidence in the record that supports a finding that the plaintiff is disabled under the Act. According to the plaintiff, the ALJ failed to consider the totality of the plaintiff's impairments and their effects on the plaintiff as a whole and on his ability to work.

4

In the decision, the ALJ noted her duty, at step four of the sequential evaluation process, to "consider all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence based on the requirements of 20 CFR § 416.929 and Social Security Ruling 96-7p." (Tr. 17) Further, the ALJ duly considered "medical opinions . . . which reflect judgments about the nature and severity of the impairment and resulting limitations (20 CFR §416.945 and Social Security Rulings 96-2p and 96-6p)." (Tr. 17). After considering all of the requisite information, the ALJ determined, relying primarily on the medical source statement of Dr. Paul Byers, that the plaintiff "retains the residual functional capacity [RFC] to perform the requirements of a full range of medium work, with lifting no more than 50 pounds at a time, or 25 pounds frequently. He can stand, walk and sit with no restrictions during an 8-hour workday. The claimant can frequently climb, balance, stoop, crouch, kneel, or crawl." (Tr. 17); *see also* Tr. 18, Finding No. 7.

At the hearing, vocational expert David Stewart testified that given the restrictions listed by the ALJ as the plaintiff's residual functional capacity, the plaintiff could return to his past relevant work as a truck driver, fork-lift driver, and a small engine mechanic. (Tr. 198). Based on this testimony and the medical evidence in the record, the ALJ found that the plaintiff was able to return to his past relevant work and was not disabled as defined by the Social Security Act. (Tr. 18, Finding Nos. 7 & 9).

Social Security Ruling 82-61 provides that an individual is to be found "not disabled" when it is determined that he retains the residual functional capacity to perform the actual functional demands and job duties of past relevant work. Accordingly, the ALJ determined at step four that the plaintiff was not disabled and was able to return to his past work. *See*. 20

C.F.R. §§ 404.1545 and 416.945. Therefore, she concluded, it was not necessary to consider the fifth step of the sequential evaluation process.

The plaintiff argues that the ALJ failed to consider the totality of his impairments and notes the disparity of the residual functional capacity assessment completed by Dr. Dwight A. Johnson in September 2005 and the medical source statement completed by Dr. Paul Byers in May 2005. Dr. Byers examined plaintiff on May 14, 2005 and found that plaintiff is capable of lifting no more than 50 pounds at a time, or 25 pounds frequently and has no limitations in standing, walking or sitting or in postural activities or physical functions. (Tr. 145 - 148). In contrast, Dr. Johnson found that plaintiff could lift less than 10 pounds, could stand for less than 2 hours in an eight hour workday, must alternate sitting and standing to relieve pain, was limited in postural activities to only occasionally balancing, stooping, kneeling, crouching, and crawling, was limited in reaching and handling and in his near vision as well as experiencing various environmental limitations. (Tr. 150 - 157). In sum, Dr. Byers limited plaintiff to work at a medium exertional level, in contrast, Dr. Johnson found that he could not perform work at even a sedentary level.

In her opinion, the ALJ discussed the findings of consultative examining physicians Dr. Glenn Bennett and Dr. Paul Byers as well as those of Dr. Johnson.[9] She noted that plaintiff gave inconsistent information to the physicians and "[a]lthough the inconsistent information provided by [plaintiff] may not be the result of a conscious intention to mislead, nevertheless the

---

[9]Dr. Bennett conducted a consultative exam in October 2004 and determined that plaintiff ". . . complains of a lot of neck and back pain. However, he had a full range of motion of all joints and had normal examination on this date." (Tr. 141). Dr. Bennett did not complete a medical source statement.

inconsistencies suggest that the information provided by the claimant generally may not be entirely reliable." (Tr. 16). Further, the ALJ noted that Dr. Johnson did not have a treatment relationship with the plaintiff, recorded no objective findings and did not specify the objective medical evidence upon which he relied in formulating his assessment. (Tr. 14). Articulating these and other specific reasons, the ALJ afforded little weight to Dr. Johnson's assessment that the plaintiff was unable to perform sedentary work. *Id.*

Social Security Ruling 96-8p provides that when determining a claimant's residual functional capacity, the ALJ "must always consider and address medical source opinions." SSR-96-8p, p.7. "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Id.* Social Security Ruling 96-5 further states that "our rules provide that adjudicators must always carefully consider medical source opinions about any issue, including opinions about issues that are reserved to the Commissioner." SSR-96-5, p.2. "[O]pinions from any medical source on issues reserved to the Commissioner must never be ignored." *Id.* at p. 3. Thus, when making a determination regarding a claimant's residual functional capacity – a matter which is exclusively within the purview of the ALJ – the regulations require that the ALJ carefully consider medical source opinions, particularly all medical assessments and medical source statements from medical sources who have actually examined the individual. *Id.* at p. 2. When more than one physician has provided medical information, the ALJ must consider all information provided by each source in order to properly assess a plaintiff's residual functional capacity. Id.. After considering all such medical evidence, the ALJ may determine that certain specific medical findings should be afforded more weight than other medical evidence. An ALJ may properly afford lesser weight

7

to the opinion of a physician where the opinions are inadequately explained, not supported by specific findings, contradicted by the opinions of other treating sources, contradicted by the reports of consulting physicians, not supported by objective clinical and laboratory findings, or merely parrot the opinion of plaintiff's attorney in a case where the attorney requested a report from the treating physician. 3 Soc. Sec. Law & Prac. § 37:88.

In the instant case, the ALJ stated that she considered all the medical evidence in the record, and it is clear that she did so. The ALJ provided detailed information about the plaintiff's symptoms, his impairments, and the effects those impairments had on the plaintiff as a whole. *See* Tr. 14, 15, and 17. She specifically considered the plaintiff's circumstances, symptoms, complaints and impairments on the whole, along with all other relevant medical evidence. She pointed out numerous inconsistencies in the record, discussed the treatment notes of Drs. Byers and Bennett, and observed that Dr. Johnson made a cursory examination of plaintiff but provided no treatment notes to support his findings. The ALJ properly pointed to medical evidence contrary to Dr. Johnson's opinions, identified multiple inconsistencies both within the plaintiff's testimony and between that testimony and the record, and reasonably concluded that plaintiff lacked credibility. These findings supply additional support for her reliance on Dr. Byers's findings. Accordingly, the court holds that the ALJ properly considered the totality of the plaintiff's impairments in reaching her decision and provided a well-supported basis for affording limited weight to Dr. Johnson's assessment and for relying primarily on the opinions of Dr. Byers. The ALJ satisfied the regulations.

It is the duty of this court to review the record on appeal and determine whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*, 402

U.S. 389, 401 (1971), and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Upon review of the record as a whole and the submissions and arguments of the parties, the court finds that the decision of the ALJ was supported by substantial evidence and should be affirmed.

## IV. CONCLUSION

For the forgoing reasons, the undersigned finds that the decision of the ALJ is supported by substantial evidence and recommends that it be affirmed. The parties are referred to 28 U.S.C. §636(b)(1)(B) and FED. R. CIV. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten (10) days of this date and "a party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*) (citations omitted).

Respectfully submitted.

The 5th day of February, 2008.

/s/ S. ALLAN ALEXANDER
UNITED STATES MAGISTRATE JUDGE